[No. C018087. Third Dist. Feb. 17, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
TODD DONNELL TAYLOR, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and III.

**COUNSEL**

James L. Lozenski, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Robert D. Marshall, Deputy Attorneys General, for Plaintiff and Respondent

**OPINION**

**MORRISON, J.**—In this appeal we determine that a defendant who uses a firearm after completing the act constituting burglary but before he has reached a place of temporary safety is subject to the firearm use enhancement of Penal Code section 12022.5, subdivision (a).

A jury convicted defendant of two counts of burglary (Pen. Code, § 459),[1] being a felon in possession of a firearm (§ 12021, subd. (a)), and theft of a firearm (§ 487, former subd. 3). The jury found true an allegation that defendant used a firearm in the commission of one of the burglaries. (§ 12022.5, subd. (a).) The trial court found true allegations that defendant was convicted of a prior serious felony (§ 667, subd. (a)), and served a prior prison term (§ 667.5, subd. (b)).

Sentenced to state prison for 18 years, defendant appeals. In the published part of this opinion we reject defendant's contention that the evidence is insufficient to support the finding that he used a firearm during the commission of a burglary. Finding defendant's remaining contentions of no merit, we shall affirm the judgment.

---

[1]Further statutory references to sections of an undesignated code are to the Penal Code.

FACTS

On the morning of October 21, 1993, James Daily returned to his home in Magalia to find the front door open and a woman standing on the porch yelling. The woman said that she was having car trouble and wanted to use the telephone. Daily saw no vehicle. Defendant, Todd Donnell Taylor, was "pacing back and forth" on Daily's property near some oak trees.

When the woman asked to use the phone, Daily telephoned Paradise Police Officer Mark Tange, a neighbor. As the officer drove up, defendant departed by "walking fast" up an old logging skid trail and into the nearby woods. Officer Tange called the sheriff's office and then told Daily to detain the woman. Tange then pursued defendant into the woods via a different route. After the officer left, defendant returned to Daily's house, pulled a revolver from his hip pocket, pointed it at Daily and ordered him to release the woman. Defendant and the woman then walked rapidly up the logging trail and into the woods. A short while later both were apprehended.

DISCUSSION

I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II

Claiming "no burglary was in progress" when he confronted Daily with the handgun, defendant contends the evidence is insufficient to support the jury's finding that he used a firearm in the commission of the Daily burglary.

Section 12022.5, subdivision (a), provides in part that ". . . any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony, . . . be punished by an additional term of imprisonment . . . ."

In *People v. Boss* (1930) 210 Cal. 245, 247-248 [290 P. 881], the defendants robbed a store and ran into the street. An employee pursuing the robbers was shot outside the store. The Supreme Court upheld a felony-murder instruction, stating as follows: "It is a sound principle of law which inheres in common reason that where two or more persons engage in a conspiracy to commit robbery and an officer or citizen is murdered while in immediate pursuit of one of their number who is fleeing from the scene of

*See footnote, *ante*, page 578.

the crime with the fruits thereof in his possession, . . . the crime is not complete in the purview of the law, inasmuch as said conspirators have not won their way even momentarily to a place of temporary safety and the possession of the plunder is nothing more than a scrambling possession." (*Id.* at p. 250.)

As subsequent decisions by our Supreme Court have made clear, the linchpin of the analysis in felony-murder rule prosecutions came to be whether the robber had failed to reach a "place of temporary safety." If the robber had failed to do so, then the robbery continued in progress and constituted first degree murder under the felony-murder rule. (*People* v. *Kendrick* (1961) 56 Cal.2d 71, 90 [14 Cal.Rptr. 13, 363 P.2d 13]; *People* v. *Ketchel* (1963) 59 Cal.2d 503, 524 [30 Cal.Rptr. 538, 381 P.2d 394]; *People* v. *Salas* (1972) 7 Cal.3d 812, 823-824 [103 Cal.Rptr. 431, 500 P.2d 7, 58 A.L.R.3d 832].)

In *People* v. *Carroll* (1970) 1 Cal.3d 581, 584-585 [83 Cal.Rptr. 176, 463 P.2d 400], the Supreme Court applied the concept of a "place of temporary safety" in a prosecution for robbery with the infliction of great bodily injury on the victim. In *Carroll*, the defendant demanded the victim's wallet at gunpoint. When he discovered the wallet contained no money, the defendant threw it down. The victim then slammed a restroom door in the defendant's face and ran off. The defendant pursued the victim and shot him. (*Id.* at p. 583.) The trial court found that the defendant inflicted great bodily injury on the victim in the commission of the robbery. (*Id.* at pp. 583-584.)

In upholding the trial court's finding, the Supreme Court held that, at the time he shot the victim, the defendant had not reached a "place of temporary safety." Accordingly, the robbery had not been completed. The court noted that the purpose of enhancing the punishment for first degree robbery was to "discourage robbers from inflicting great bodily injury on their victims . . . ." (*People* v. *Carroll, supra,* 1 Cal.3d at pp. 584-585.) (Accord, *People* v. *Ramirez* (1979) 93 Cal.App.3d 714, 725-726 [156 Cal.Rptr. 94].)

The concept of a place of temporary safety also has been applied to receiving stolen property and burglary prosecutions. For example, in *People* v. *Johnson* (1980) 104 Cal.App.3d 598, 603 [164 Cal.Rptr. 69], the defendant struck the victim while running from a nightclub with the victim's purse. The defendant was convicted of receiving stolen property. The Court of Appeal sustained the finding of a great bodily injury enhancement, holding the defendant inflicted the injuries in the course of his escape from the crime scene, before reaching a place of temporary safety. (*Id.* at pp. 607-608.)

In *People* v. *Walls* (1978) 85 Cal.App.3d 447, 450-451 [149 Cal.Rptr. 460], the defendants were convicted of robbery, burglary, and other offenses

after they entered the residence of an apartment manager and pointed a gun at the manager. Upholding section 12022.5 and section 12022.7 enhancements, the court stated as follows: "To hold that the phrase 'in the commission' of the felony, as used in sections 12022.5 and 12022.7, . . . excludes firearm use or infliction of great bodily injury *after* the intruder gains entry to the premises with the requisite intent, would lead to the anomalous result that before a burglary sentence can be enhanced under these statutes, the firearm must have been used by the intruder, or he must have inflicted the great bodily injury at the very moment he stepped over the threshold or while trying to effect entry to the premises, a result not only unreasonable but one that defeats the obvious purpose of the statute to offer protection to potential burglary victims who are on the premises." (85 Cal.App.3d at pp. 453-454, italics in original; cf. *People* v. *Caudillo* (1978) 21 Cal.3d 562, 575-576 [146 Cal.Rptr. 859, 580 P.2d 274]; *People* v. *Miller* (1977) 18 Cal.3d 873, 879-883 [135 Cal.Rptr. 654, 558 P.2d 552].)

▣ From the above summary, we think it is clear that for purposes of applying a firearm use enhancement, theft crimes such as robbery, burglary, and receiving stolen property continue beyond the time of the physical conduct constituting the offense until the perpetrator has reached a place of temporary safety. Accordingly, one who employs a firearm at any time on the continuum between the initial step of the offense and arrival at a place of temporary safety is subject to the enhancement. (Cf. *People* v. *Funtanilla* (1991) 1 Cal.App.4th 326, 331 [1 Cal.Rptr.2d 875].) The reason for this result is plain. In enacting section 12022.5, the Legislature endeavored to deter the use of a firearm on victims of burglaries and other felonies. In such cases, escape is as important to the execution of the offense as is obtaining the property in the first place. Moreover, the risk of injury to the victim during the escape attempt is great. Thus, we hold that, for purposes of section 12022.5, the use of a firearm during escape from the crime scene is a use during the commission of the crime. (*People* v. *Carroll, supra,* 1 Cal.3d at p. 585; *People* v. *Johnson, supra,* 104 Cal.App.3d at p. 608.)

Defendant argues the purpose of the gun use was to free his companion. According to defendant, he was not fleeing or, if he did flee, he had reached a place of temporary safety in the woods. Thus, defendant asserts, no burglary was in progress when he pointed the handgun at Daily.

We disagree. As a reviewing court, we " 'must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) In this case, defendant left the scene

with a police officer in pursuit. His companion was detained at the scene. That companion, who had stolen items on her person, could implicate the defendant in the burglaries.

Just as in *People* v. *Carroll, supra,* 1 Cal.3d 581, where the victim was shot after property had been taken, here defendant confronted the victim at the scene after the burglary itself had been committed, but before he had won a place of temporary safety. For purposes of the section 12022.5 enhancement, the burglary had not been completed when defendant returned to the scene. Substantial evidence supports the finding by the jury that defendant used a firearm in the commission of the burglary. (1 Cal.3d at pp. 584-585.)

III*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 31, 1995.

---

*See footnote, *ante,* page 578.